# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY S. SMITH,

        Petitioner,

    v.

LESLIE COOLEY DISMUKES,

        Respondent.

1:26-CV-170

## MEMORANDUM AND ORDER

This matter is before the Court on Anthony Smith's petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody together with an application to proceed *in forma pauperis*. (D.E. 1–2.) The Honorable L. Patrick Auld entered an Order and Recommendation, recommending the action be dismissed *sua sponte* without prejudice to Smith filing an action under § 1983. (D.E. 3.) Smith filed an objection to the recommendation. (D.E. 5.) Having reviewed the record and the applicable authority, the Court finds that Smith's objection lacks merit. Accordingly, the Court will accept the Recommendation and dismiss the action without prejudice to Smith filing an action under § 1983.

Any party may object to the magistrate judge's recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id*.

Smith objects to the Recommendation, relying on *Clark v. Hooks*, No. 1:16CV672, 2017 WL 3822898 (M.D.N.C. Aug. 8, 2017), *report and recommendation adopted in part sub nom. Clark v. Perry*, No. 1:16CV672, 2017 WL 3724233 (M.D.N.C. Aug. 28, 2017), to argue that a habeas corpus petition is the proper vehicle for his claim. (D.E. 5 at p. 2.) That reliance is misplaced.

Prisoners have "two main avenues" for challenging their incarceration: petitions for habeas corpus under 28 U.S.C. § 2254 and civil rights claims under 42 U.S.C. § 1983 or a *Bivens* action. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). Claims that challenge the fact or duration of confinement are brought under 28 U.S.C. § 2254, whereas claims related to the conditions of confinement should be pursued under 42 U.S.C. § 1983 or in a *Bivens* action. [1] *Id.*

In *Clark*, the petitioner challenged a prison disciplinary proceeding on due process grounds that resulted in the loss of sentencing credits, thereby implicating the duration of his confinement. 2017 WL 3822898, at *1–2. By contrast, Smith does not contend that the alleged conduct has affected the length or validity of his sentence. Accordingly, Smith's claims are not valid claims under 28 U.S.C. § 2254.

Further, Smith failed to pay the filing fee or fully complete his request to proceed *in forma pauperis*. (*See* D.E. 1.) Specifically, he failed to include the total amount of deposits made into his prison trust account over the past six months and did not provide the current balance of that account. This information is required for the Court to consider his request to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

Accordingly, it is ORDERED that the Magistrate Judge's Recommendation (D.E. 3) is ADOPTED and the action is DISMISSED WITHOUT PREJUDICE.

A Judgment will be entered contemporaneously with this Order.

---

[1] The Fourth Circuit has not issued a published decision explicitly holding that conditions-of-confinement claims cannot be brought in a habeas proceeding. *See Farabee v. Clarke*, 967 F.3d 380, 395 (4th Cir. 2020) (observing that whether a prisoner may "challenge his conditions of confinement through a habeas petition … is an unsettled question of law among [the] sister circuits" and noting that the court has "yet to address the issue in a published opinion"). Nevertheless, in several unpublished opinions, the Fourth Circuit has stated that "courts have generally held that a § 1983 suit or a *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not," specifically when the petitioner does not challenge the fact or duration of his sentence. *Rodriguez v. Ratledge*, 715 Fed. Appx. 261, 266 (4th Cir. 2017) (unpublished); *see Wilborn v. Mansukhani*, 795 F. App'x 157, 163–64 (4th Cir. 2019) (unpublished); *see also Braddy v. Wilson*, 580 Fed. Appx. 172, 173 (4th Cir. 2014) (unpublished).

2

This the 8th day of April, 2026.

  /s/ David A. Bragdon  
United States District Judge

3